# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:22-cv-00169-MR

| | |
|---|---|
| BRANDON PICKENS, ) | |
| Petitioner, ) | |
| vs. ) | **O R D E R** |
| TODD ISHEE, Secretary, North Carolina Department of Adult Corrections, ) | |
| Respondent. ) | |

**THIS MATTER** is before this Court *sua sponte*.

On November 14, 2022, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the results of a September 23, 2022, disciplinary hearing in which he was found guilty of directing "language or specific gestures that are generally considered disrespectful" toward prison staff on September 20, 2022. [See Docs. 1; 11 at 2].

Respondent filed a Motion for Summary Judgment, along with a Memorandum in Support that relies heavily on "Exhibit C," documentation that Respondent represents in his Memorandum as pertaining to Petitioner's September 20, 2022, infraction. [Docs. 10; 11; 11-4]. Upon review of Respondent's filings, however, it is apparent that "Exhibit C" [Doc. 11-4]—

which is entitled "Disciplinary packet of Brandon Pickens associated with 12 September 2020 C13 offense"—does not pertain to the September 20, 2022, infraction. Rather, it relates to a separate infraction that occurred on September 12, 2020, which is the subject of another Habeas petition filed by Petitioner, see No. 1:20-cv-00353-MR.[1] The respondents in both matters are represented by the North Carolina Department of Justice, and it appears that the documentation from the September 12, 2020, infraction, was mistakenly submitted in both cases. [Compare Doc. 11-4; No. 1:20-cv-00353-MR Doc. 10-4].

It is strongly preferable to decide cases on their merits, as opposed to on technicalities. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); Choice Hotels Int'l, Inc. v. Goodwin & Bone, 11 F.3d 469, 471-72 (4th Cir. 1993); see also Mr. Dee's Inc. v. Inmar, Inc., 1:19CV141, 2022 WL 3576962, at *3 (M.D.N.C. Aug. 19, 2022); May v. Martin Fein Int. Ltd., No. 5:21-CV-00083-M, 2022 WL 1597820, at *8 (E.D.N.C. May 19, 2022). Accordingly, Respondent is directed to file the disciplinary records relating to Petitioner's September 20, 2022, infraction within seven days of the entry of this Order. Petitioner will be allowed fourteen days from the date of

---

[1] Petitioner points out in his Response to Respondent's Motion for Summary Judgment that Respondent's "Exhibit C" pertains to the unrelated September 12, 2020, infraction. [See Doc. 12-1 at 6]. However, Respondent did not reply.

2

Case 5:22-cv-00169-MR   Document 24   Filed 12/06/23   Page 2 of 3

Respondent's filing to file a response.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Respondent shall file the disciplinary records pertaining to Petitioner's September 20, 2022, infraction within seven (7) days of the entry of this Order.

**IT IS FURTHER ORDERED** that Petitioner shall have fourteen (14) days from the date of Respondent's filing to file a response.

**IT IS SO ORDERED.**

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge