UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-cv-00169-MR

| | |
|---|---|
| BRANDON PICKENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| TODD ISHEE, Secretary, North ) | |
| Carolina Department of Adult ) | |
| Corrections, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Motion for Reconsideration filed by the Petitioner on February 22, 2024. [Doc. 34]. Also before the Court is the Motion to Act filed by the Petitioner on February 12, 2024. [Doc. 31].

**I.    BACKGROUND**

Brandon Pickens (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that stemmed from having received a loss of good-time credits in connection with a September 23, 2022 disciplinary hearing. [Doc. 1]. The Petitioner argued that corrections officials violated his due process rights with respect to the disciplinary hearing and he sought restoration of his good-time credits. [Doc. 1 at 5-7]. The Petitioner alleged that his conviction

was based on insufficient evidence and he accused the Disciplinary Hearing Officer of failing to provide him with a complete record of the hearing. [Id. at 6].

The Respondent moved for summary judgment and argued that the Petitioner's claims were meritless and that he failed to exhaust his state remedies. [Docs. 10, 11]. The Court entered an Order on February 14, 2024 granting the Respondent's Motion for Summary Judgment and holding that the Petitioner's failed to exhaust his state remedies. [Doc. 32].

The Petitioner now moves for reconsideration of the Court's Order pursuant to Rule 59(e) or Rule 60(b). [Doc. 34].

## II. STANDARD OF REVIEW

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60.

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical

Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain conditions, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## III. DISCUSSION

### A. Motion for Reconsideration

"[W]hen a state prisoner challenges the length or duration of his confinement by alleging that certain good time credits were cancelled . . . pursuant to an unconstitutional process, and then seeks the restoration of those credits, he must first exhaust his state remedies." See Farrell v.

Whitener, No. 3:13-cv-00530-FDW, 2015 WL 1457434, at *3 (W.D.N.C. Mar. 30, 2015) (citing Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983)). "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A-1411 *et seq.*, in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts." Hatcher v. Keller, No. 1:10-cv-30, 2010 WL 1568458, at *2 (M.D.N.C. Apr. 16, 2010) (citing State v. Bowden, 193 N.C. App. 597, 597-600, 668 S.E.2d 107, 108-09 (2008)); see also Satori v. N.C. Att'y Gen., No. 1:11-cv-00024-RJC, 2011 WL 1542134, at *2 (W.D.N.C. Apr. 22, 2011); Tompkins v. Thomas, No. 5:10-HC-2004-BO, 2010 WL 4735910, at *2 (E.D.N.C. Nov. 15, 2020). Alternatively, "North Carolina allows prisoners to bring civil suits in equity in State court to challenge the denial of their good-time credits." Satori, 2011 WL 1542134, at *2 (citing Smith v. Beck, 176 N.C. App. 757, 627 S.E.2d 284 (2006); Teasley v. Beck, 155 N.C. App. 282, 574 S.E.2d 137 (2002)).

The Petitioner conceded that he did not pursue either of these two avenues for judicial review in state court and he asserted no basis for why his failure should be excused. As such, the Court concluded that the Petitioner failed to exhaust his state remedies. [Doc. 32 at 12-14].

4

The Petitioner now moves for reconsideration of the Court's Order pursuant to Rule 59(e) or Rule 60(b) and requests that the Court grant his § 2254 petition. [Doc. 34]. First, the Petitioner argues that he was advised that he need not pursue any state court challenges to his disciplinary conviction. The Petitioner relies upon a letter dated July 26, 2023 from staff attorney Lee Pollack with North Carolina Prison Legal Services stating, "there is no general state court procedure for review of prison disciplinary proceedings." [Doc .34-2 at 1, ¶2]. The Petitioner cites to 28 U.S.C. §2254(b)(1)(B)(i), which provides that the exhaustion requirement may be waived where "there is an absence of available State corrective process." [Id.].

However, the letter directly refutes the Petitioner's assertion that he did not need to pursue any state court challenges, as attorney Pollack advised the Petitioner as follows:

> "Importantly, because a challenge to prison discipline in the federal courts would have to be brought by habeas corpus, in addition to exhausting your prison grievance appeals, **you would also need to exhaust your state court remedies before you can file in federal court. That means you would need to file a petition for state habeas corpus.**"

[Doc. 34-2 at 1, ¶3](emphasis added).

Second, the Petitioner relies upon Ali v. Buffaloe, in support of his argument that there is an absence of available state corrective process in

5

North Carolina for review of prison disciplinary convictions. [Doc. 34 at 4-5]; Ali v. Buffaloe, No. 1:22-cv-00159, 2023 WL 2602004 (M.D.N.C. January 30, 2023) (unpublished) (Auld, M.J.), recommendation adopted, 2023 WL 2600076 (M.D.N.C. March 22, 2023) (Biggs, J.). In Ali, the petitioner sought habeas review of a disciplinary conviction on grounds that the disciplinary hearing violated due process. Id. at *2. The petitioner admitted in his petition that he did not challenge his disciplinary conviction in state court but further asserted that the State had taken the position that they do not provide judicial review of prison disciplinary proceedings as they are administrative matters. Id. The respondent moved to dismiss the § 2254 petition for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and because the petitioner failed to exhaust his state remedies. Id. Because the court was obliged to treat as true all facts pleaded by the petitioner under the Rule 12(b)(6) standard, the magistrate judge concluded that the petitioner alleged sufficient facts to demonstrate the absence and/or ineffectiveness of state court remedies and recommended the motion to dismiss be denied as to non-exhaustion. Id. at 3-4.

Ali does not support the Petitioner's motion for reconsideration as it involves an entirely different procedural context and is distinguishable from the instant proceeding. The Court's Order addressed the Respondent's

motion for summary judgment, not a motion to dismiss under Rule 12(b)(6). The Petitioner presented no forecast of evidence on summary judgment to support his position that there was an absence of available State remedies. North Carolina provides two different alternative processes to prisoners who seek to challenge a disciplinary conviction that resulted in the loss of sentencing credits. The forecast of evidence clearly showed that the Petitioner took no steps to pursue any of these available processes before filing his federal habeas petition.[1] As such, he failed to exhaust his state remedies and the Court did not err in granting the Respondent's summary judgment motion. Because the Petitioner fails to show any clear error of law that requires this Court's correction, he is not entitled to relief under Rule 59(e) or Rule 60(b) and the motion for reconsideration shall be denied.

**B.     Motion to Act**

Petitioner filed a Motion to Act requesting the Court rule on his Petition for Writ of Habeas Corpus and the Respondent's Motion for Summary

---

[1] The Petitioner also argues that he that he satisfied the exhaustion requirement by filing his administrative appeal to the Director of Prisons and states that the Court incorrectly concluded that he skipped the intermediate step of the NCDAC's three-step administrative grievance process, as it does not apply to prison disciplinary proceedings. [Doc. 34 at 2-3; Doc. 34-1 at 3]. While it appears that the Petitioner is correct in that the three-step administrative grievance process does not apply to the challenge of a prison disciplinary conviction, the fact that the Petitioner completed his administrative appeal seeking review of his disciplinary conviction is of no consequence because he still failed to exhaust his state remedies.

7

Case 5:22-cv-00169-MR   Document 40   Filed 04/18/24   Page 7 of 9

Judgment. [Doc. 31]. However, the Court entered an Order on February 14, 2024 granting the Respondent's Motion for Summary Judgment and denying the Petition for Writ of Habeas Corpus. [Doc. 32]. As such, the Petitioner's Motion to Act is denied as moot.

## IV. CONCLUSION

As set forth above, the Petitioner is not entitled to reconsideration of the Court's Order denying his Petition for Writ of Habeas Corpus and the Petitioner's Motion to Act is denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion for Reconsideration [Doc. 34] is **DENIED**.

2. The Petitioner's Motion to Act [Doc. 31] is **DENIED** as moot.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge